GEORGE E. GRAFT, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 24631.   Promulgated November 3, 1927.

A notice of deficiency in tax was sent to a person other than the
taxpayer and without street address. This was returned to the
Commissioner and remailed to the correct address after the statute
of limitations had tolled. *Held,* that the collection of the deficiency
is barred by the statute of limitations.

*Frederick R. Gibbs, Esq.,* for the petitioner.
*James A. O'Callaghan, Esq.,* for the respondent.

This is a proceeding for the redetermination of a deficiency in
income tax for the year 1921 in the amount of $1,550.32.   The peti-
tioner moves for an order of no deficiency, alleging that the re-
spondent has failed to assess the tax within the time required by
the statute and has failed to send notice of the deficiency in accord-
ance with section 274(a) of the Revenue Act of 1926.

### FINDINGS OF FACT.

The petitioner resides at San Jose, Calif.   He filed his income-
tax return for the year 1921 on or about March 15, 1922, showing his
address thereon as 34 E. San Antonio Street, San Jose, Calif.   On
December 14, 1925, he executed a waiver extending the time within
which the Commissioner might make assessment of additional tax
for the year 1921 to December 31, 1926.

On December 29, 1926, the Commissioner sent by registered mail
a letter addressed to " George E. Craft, San Jose, California," pro-
posing an assessment of additional tax for the year 1921 in the
amount of $1,550.32.   This letter was returned undelivered to the
office of the Commissioner of Internal Revenue at Washington, D. C.,
on or about January 28, 1927.   On January 28, 1927, the letter of
December 29, 1926, was remailed by registered mail to " George E.
Craft, 34 E. San Antonio Street, San Jose, California."   The letter
was delivered to petitioner at the above address in due course of mail
and the petitioner made his appeal to the Board within the pre-
scribed 60-day period.   The street address given on the letter at
the second mailing was the one appearing upon the original return
filed by the petitioner.

### OPINION.

SMITH: Upon the facts above stated, which are admitted in the
pleadings, the petitioner moves for a judgment of no deficiency in
tax for the year 1921.   Paragraph four of the petition alleges errors
on the part of the Commissioner as follows:

(a) Failure to assess the taxes involved in this appeal within four years after the return is filed as prescribed by Section 277(a)(2) of the Revenue Act of 1926, or before December 31, 1926, the date of the expiration of the waiver heretofore filed by petitioner.

(b) Failure to mail to petitioner a 60 day letter in accordance with Section 274(a) of the Revenue Act of 1926, prior to December 31, 1926, the date of the expiration of the waiver filed by petitioner with the Bureau.

Paragraph four of respondent's answer reads as follows:

It is denied that the notice mailed the petitioner on December 29, 1926, by registered mail, has not been received by him, and it is denied that said notice was not mailed within the time an assessment of deficiency in tax proposed could be made.

The answer neither admits nor denies specifically that the taxes were not assessed within the four-year period following the filing of the return or prior to the date of the expiration of the waiver filed by the petitioner. Paragraph nine of the answer makes the customary general and specific denial of each and every allegation of the petition not theretofore admitted, qualified or denied.

We are of the opinion that the mailing of the letter on December 29, 1926, was not a compliance with the provisions of section 274(a) of the Revenue Act of 1926. The section in question reads as follows:

If in the case of any taxpayer, the Commissioner determines that there is a deficiency in respect of the tax imposed by this title, the Commissioner is authorized to send notice of such deficiency to the taxpayer by registered mail. Within 60 days after such notice is mailed (not counting Sunday as the sixtieth day), the taxpayer may file a petition with the Board of Tax Appeals for a redetermination of the deficiency. Except as otherwise provided in subdivision (d) or (f) of this section or in section 279, 282, or 1001, no assessment of a deficiency in respect of the tax imposed by this title and no distraint or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 60-day period, nor, if a petition has been filed with the Board, until the decision of the Board has become final. Notwithstanding the provisions of section 3224 of the Revised Statutes the making of such assessment or the beginning of such proceeding or distraint during the time such prohibition is in force may be enjoined by a proceeding in the proper court.

The letter that was forwarded from the Commissioner's office on December 29, 1926, was not directed to the petitioner but to " George E. Craft," and bore no street address whatever. This letter did not notify the petitioner of any deficiency in tax but was in fact returned undelivered to the office of the Commissioner of Internal Revenue at Washington, D. C. On January 28, 1927, the letter was remailed, this time with the correct street address and was in due course delivered to the petitioner, notwithstanding that the addressee's name was misspelled. The petitioner's correct street address appeared at all times upon his return for the year 1921 and presumably was omitted from the address on the letter of December 29, 1926, through an inadvertence.

The situation here is similar to that in *Utah Orpheum Co. v. Commissioner*, 6 B. T. A. 343, where notice of a deficiency was forwarded to an incorrect address and on being returned undelivered was mailed to the taxpayer at the correct address. We held that the latter mailing was the one required by the statute, section 274 (a) of the Revenue Act of 1926, and was the one from which lay an appeal to the Board.

It does not follow, however, that the failure of the Commissioner to send notice of the deficiency by registered mail within the statutory four-year period or before the date of expiration of the waiver filed by the petitioner invokes the statute of limitations as a bar to the assessment and collection of the tax. Section 277 (a) (2) of the act provides that:

> The amount of income, excess-profits, and war-profits taxes imposed by the Revenue Act of 1921, and by such act as amended, for the taxable year 1921 and succeeding taxable years, and the amount of income taxes imposed by the Revenue Act of 1924, shall be assessed within four years after the return was filed, and no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of such period.

The statute of limitations runs not against the sending of the deficiency notice but against the assessment and collection of the tax. Section 274 (a), while prohibiting generally the assessment and collection of the tax until such deficiency notice has been sent to the taxpayer, specifically provides by reference to section 279 of the act that in certain cases the assessment may be made without notice of the deficiency having been sent. The petitioner alleges that no assessment was made within the statutory period and the respondent has categorically denied the allegation. Neither party has adduced any direct evidence upon the point. We believe, however, that the facts before us clearly show that no assessment of the tax here involved was made prior to the mailing of the deficiency letter on January 28, 1927. The deficiency letter dated December 29, 1926, which was mailed to the petitioner on January 28, 1927, refers to an "attached statement" showing the adjustment of the petitioner's tax liability. This statement reads as follows:

IT : PA : PYA : 60D

DECEMBER 29, 1926.

In re: Mr. George E. Craft,
      San Jose, California.

| Year | Deficiency in Tax |
|------|-------------------|
| 1921 | $1,550.32 |

The report of the Supervising Internal Revenue Agent at San Francisco, California, a copy of which was furnished you has been reviewed and approved by this office.

Payment of the tax should not be made until a bill is received from the Collector of Internal Revenue for your district and remittance should then be made to him.

In the event that you forward to this office a protest against the adjustment set forth in this communication, the statement of fact upon which you base your protest must be signed and sworn to by you.

This letter is being written in order to protect the Governments interests inasmuch as the statute of limitations will operate on December 31, 1926, to bar the assessment of any deficiency for the year 1920.

The statement, although dated December 29, 1926, was not mailed to the petitioner until January 28, 1927. The tax in question not having been collected at that time, and the statutory period of four years, which was extended by waiver to December 31, 1926, having expired, the collection thereafter of any additional tax for the year 1921 is barred by the statute. See *Bowers* v. *New York & Albany Lighterage Co.*, 273 U. S. 346, and *Appeal of Ocean Accident & Guarantee Corporation, Ltd.*, 6 B. T. A. 1045.

*Judgment of no deficiency will be entered.*

Considered by LITTLETON, TRUSSELL, and LOVE.